UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROY THOMAS ROBINSON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:21-CV-309-RDP |
| } | |
| **AT&T SERVICES, INC.,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Before the court is Defendant's Motion to Dismiss. (Doc. 7). The motion has been fully briefed (Docs. 7, 9, 10) and is ripe for decision. For the reasons discussed below, the Motion (Doc. 7) is due to be denied.

**I.     Plaintiff's Well-Pleaded Allegations**

Plaintiff is a former technical sales consultant at AT&T Services, Inc. (Doc. 1 at 1). In early 2020, the company implemented a "Surplus" program to reduce operating costs by cutting 3,400 jobs. (*Id.* at 11). As part of that program, any terminated employee who had worked at the company for twenty-three years (rather than the typical twenty-five years) was eligible for the Severance Pay Plan and Management Transition Program (MTP Benefits). (*Id.* at ¶ 12; Doc. 9 at 1).

Plaintiff worked alongside eleven other technical sales consultants on his team. (Doc. 1 at ¶ 15). Three of those consultants volunteered to be terminated under the Surplus program. (*Id.* at ¶ 16). Plaintiff opted not to volunteer to participate in the Surplus program after discovering that he was two months shy of the twenty-three-year mark required for eligibility under the MTP Benefits Program, and Plaintiff informed his supervisors of the reasoning behind his decision. (*Id.*).

Nevertheless, AT&T Services discharged Plaintiff as part of the Surplus program. (*Id.*). Plaintiff asked his supervisors for any short-term project to continue his employment for the time needed to become eligible for MTP Benefits. (*Id.* at ¶ 18). But, Plaintiff's supervisors told him that "the word back from Dallas" (AT&T Services's headquarters) was to deny requests for special projects. (*Id.*).

Plaintiff claims that AT&T Services terminated him "for the purpose of interfering with [his] attainment of rights in the MTP, in violation of ERISA § 510." (*Id.* at ¶ 22). On the other hand, AT&T Services contends that Plaintiff's claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff failed to timely exhaust an available administrative remedy before filing the complaint. (*See* Doc. 7).

## II.   Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Analysis**

Section 510 of ERISA provides, "[i]t shall be unlawful for any person to discharge … a participant or beneficiary … for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140 (2018). Plaintiff claims that AT&T Services discharged him in violation of § 510 because his termination was for the purpose of interfering with his attainment of MTP Benefits. Defendant responds that the claim should be dismissed because Plaintiff failed to exhaust an available administrative remedy, which is a prerequisite to filing a claim under § 510.

3

After review and based on the current record, the court concludes that Plaintiff's claim is outside the scope of the Plan's administrative procedures. Therefore, Plaintiff did not have an administrative remedy available to him before filing his complaint.

In general, "plaintiffs in ERISA actions must exhaust *available* administrative remedies before suing in federal courts." *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (emphasis added). And the exhaustion requirement can extend to actions brought under § 510. *See Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir. 1985) (holding that the district court did not abuse its discretion when it required the plaintiffs to exhaust their remedies under an ERISA-covered plan). In fact, "imposing an exhaustion requirement in the ERISA context appears to be consistent with the intent of Congress that [ERISA-covered] plans provide intrafund review procedures." *Id.* at 1227. However, the court cannot say as a matter of law that Plaintiff had an available administrative remedy under Defendant's Plan.

In *Monroe*, the company's plan contained the following broad provision related to administrative remedies: "Any difference that may arise between you and the Company concerning your application for, entitlement to or the amount of payment of a lump sum retirement allowance, pension or deferred benefit may be taken up as a grievance in accordance with the applicable provisions of the Master Agreement…" *Id.* at 1226. But, here, Defendant's Plan has a much more narrow provision related to available procedures: "Any individual having a claim for benefits or of unfair treatment under this Plan … may file a claim." (Doc. 1-1 at 13).

Because AT&T Services discharged Plaintiff before he was eligible for MTP Benefits, it does not appear that Plaintiff was ever an "individual *having* a claim for benefits or of unfair treatment *under* [the] Plan."[1] Instead, Plaintiff is an individual with an alleged wrongful discharge

---

[1] While there is an argument that Plaintiff would have an available remedy under the broad scope of the *Monroe* plan ("Any difference … concerning entitlement to … deferred benefits may be taken up as a grievance"),

claim. He contends Defendant interfered with his *attainment* of MTP Benefits. Therefore, based on the pleadings, Plaintiff did not have an available administrative remedy to pursue under AT&T Services's Plan before filing this action.

## IV.   Conclusion

The court concludes Defendant's Motion to Dismiss (Doc. 7) is due to be denied. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 21, 2021.

*[signature]*

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

under AT&T Services's Plan, Plaintiff did not have an available administrative remedy to pursue before filing this action.